UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| SUDHIR A. SHAH : | |
|     Plaintiff, : | |
| : | |
|     -vs- : | Civil No. 3:05cv306 (PCD) |
| : | |
| JAMES P. PURCELL ASSOCIATES, INC. : | |
|   d/b/a PURCELL ASSOCIATES, INC. : | |
|     Defendant. : | |

**RULING ON PLAINTIFF'S MOTION TO COMPEL**

Plaintiff, Sudhir A. Shah, moves [Doc. No. 38], pursuant to Rule 37(a) of the Federal Rules of Civil Procedure, to compel Defendant, James P. Purcell Associates, Inc., d/b/a Purcell Associates, Inc., to produce responses to interrogatories and requests for production of documents. For the reasons set forth below, Plaintiff's Motion to Compel is **granted in part and denied in part**.

I.   BACKGROUND

This case arises out of Plaintiff's claim that he was willfully discriminated against and subsequently terminated by his former employer on the basis of age, race and national origin. To establish his discrimination case, Plaintiff seeks to compel Defendant to produce: (1) personnel files of similarly situated employees; (2) wage information of similarly situated employees; (3) information regarding other engineering errors similar to the one the Defendant claims the Plaintiff is responsible for; (4) exit interview documents; and (5) various other financial documents relating to the Plaintiff's financial performance while working for the Defendant.

1

These arguments will be addressed in turn.

## II. DISCUSSION

### A. Standard

"[T]he scope of discovery under Fed. R. Civ. P. 26(b) is very broad, 'encompass[ing] any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case.'" Maresco v. Evans Chemetics, Div. Of W.R. Grace & Co., 964 F.2d 106, 114 (2d Cir. 1992) (quoting Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351, 98 S. Ct. 2380, 2389, 57 L. Ed. 2d 253 (1978)). "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). However, despite the rather broad scope of discovery, the Federal Rules afford courts wide discretion to impose limitations where discovery would be "unreasonably cumulative or duplicative," overly "burdensome . . . [or] expensive" or "the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2). An order compelling discovery is rendered after consideration of the arguments of the parties, and such order may be tailored to the circumstances of the case. Gile v. United Airlines, Inc., 95 F.3d 492, 496 (7th Cir. 1996).

### B. Personnel Files

Plaintiff requests the production of the personnel files[1], including annual evaluations for

---

[1] Personnel files, as defined in Connecticut General Statutes § 31-128a, includes "papers, documents and reports, including electronic mail and facsimiles, pertaining to a particular employee that are used or have been used by an employer to determine such employee's eligibility for employment, promotion, additional compensation, transfer, termination, disciplinary or other adverse personnel action including employee evaluations or reports relating

every person who was on the senior staff from 1990 through 2004 and for: Rohit Pradhan, William Soares, Chris Cignoli, Jeff Koerner, Matt Card, Ramesh Gupta, Robert Jarvis, Frank Baldino, Steve Ulman, Paul Liu, Wali Shairzay, Lorin Pippin, Steven Vecchione, Dan McCormack, John Carney, Robert Anderson, Mike Fisher, Jim Lynch, Gene Little, Greg Senko, and Walter Ivers. Defendant produced the personnel file of Rohit Pradhan, who was Plaintiff's subordinate and replaced him as division head of structures. With regard to the remainder, Defendant objected on the basis that producing the personnel files would violate the Connecticut Personnel Files Act and the privacy interests of the employees, and that the contents of the personnel files for the other employees are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

The Connecticut Personnel Files Act which the Defendant refers to is Conn. Gen. Stat. § 31-128f entitled "Employee's consent required for disclosure," which provides that:

> No individually identifiable information contained in the personnel file or medical records of any employee shall be disclosed by an employer to any person or entity not employed by or affiliated with the employer without the written authorization of such employee except where the information is limited to the verification of dates of employment and the employee's title or position and wage or salary or where the disclosure is made: (1) To a third party that maintains or prepares employment records or performs other employment-related services for the employer; (2) pursuant to a lawfully issued administrative summons or judicial order, including a search warrant or subpoena, or in response to a government audit or the investigation or defense of personnel-related complaints against the employer; (3) pursuant to a request by a law enforcement agency for an employee's home address and dates of his attendance at work; (4) in response to an apparent medical emergency or to apprise the employee's physician of a medical condition of which the employee may not be aware; (5) to comply with federal, state or local laws or regulations; or (6) where the information is disseminated pursuant to the terms of a collective

---

to such employee's character, credit and work habits."

>   bargaining agreement. Where such authorization involves medical records
>   the employer shall inform the concerned employee of his or his physician's
>   right of inspection and correction, his right to withhold authorization, and
>   the effect of any withholding of such authorization upon such employee.

As the matter before the Court clearly falls within the ambit of the second exception, being a request pursuant to a lawfully issued judicial order, or in response to a personnel-related complaint against the employer, § 31-128f does not bar the production of these personnel files. However, the Court recognizes the legitimate privacy interests of the employees whose files have been requested, and will accordingly limit discovery to only those personnel files of similarly situated employees for whom Plaintiff can show the files likely contain relevant information. See, e.g., Whittingham v. Amherst College, 164 F.R.D. 124, 127-28 (D. Mass. 1995) (denying the plaintiff's motion to compel partly on the basis that the plaintiff did not demonstrate that the relevancy of the information contained in the personnel files outweighed the privacy interests of the employees.)

To establish a discrimination claim, the plaintiff "has the burden of showing that [he] was treated differently from persons situated similarly in all relevant aspects." Smith v. Stratus Computer, 40 F.3d 11, 17 (1st Cir. 1994). Furthermore, "[d]iscovery in disparate treatment cases has been limited to employees within certain work units and who have suffered similar treatment as the plaintiff." Whittingham, 164 F.R.D. at 127.

As both Pippin and Fisher occupy positions below the division head level, they are not similarly situated to the Plaintiff and the information in their personnel files is therefore irrelevant. Additionally, neither Ivers nor Lynch are similarly situated to the Plaintiff, as they are Defendant's controlling shareholders and principal decision makers with no duties regarding the

financial results of any particular division. Plaintiff's argument that their personnel files may show "how well the company was doing financially" has no bearing on Plaintiff's claim for disparate treatment and is therefore irrelevant.

As for the other division heads, Plaintiff has only proffered evidence to show that the specific personnel files of Cignoli, Koerner, and Soares contain relevant information. Nowhere, however, does Plaintiff offer any basis for how the specific personnel files of the other division heads are relevant to establishing his discrimination claim. Instead, Plaintiff only advances broad theories of how the other personnel files might contain relevant evidence and "[m]ere speculation as to the content of documents is hardly a showing of relevance." United States v. Concemi, 957 F.2d 942, 949 (1st Cir. 1992).

Lacking a particularized showing of why the information contained in each individual personnel file is relevant towards establishing Plaintiff's claim, this Court must deny the Plaintiff's Motion to Compel the production of employee personnel files for all employees except Cignoli, Koerner, and Soares. Additionally, the information contained in the personnel files of Cignoli, Koerner, and Soares shall be subject to the protections of the confidentiality agreement currently in existence between the parties.

**C. Wage Information**

Plaintiff requests production of W-2s for each year from 1990 through 2004 for every person who was on the senior staff in any of those years and for: Wally Ivers, Jim Lynch, Robert Anderson, Gene Little, Greg Senko, Matt Card, Dan McCormack, Steve Vecchione, Ramesh Gupta, Jeff Koerner, Mike Fisher, Robit Pradhan, Lorin Pippin, Bill Soares, Bob Jarvis, and

5

Chris Cignoli.[2] Defendant produced all W-2s requested by Plaintiff except for Fisher, Pippin, Ivers and Lynch. Defendant objected to the production of W-2s for the above-mentioned employees on the grounds that they were not similarly situated to Plaintiff, and are therefore irrelevant and not calculated to lead to the discovery of admissible evidence.

As previously discussed, Fisher and Pippin occupy positions below the division head level. Because Plaintiff was a vice president and division head, this Court must deny Plaintiff's Motion to Compel production of their W-2s on the grounds that Fisher and Pippin are not similarly situated to Plaintiff, making their salary information irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

As was also previously discussed, Ivers and Lynch are Defendant's controlling shareholders and principal decision makers. Again, this Court must deny Plaintiff's Motion to Compel production of their W-2s on the grounds that Ivers and Lynch are not similarly situated to Plaintiff, making their salary information irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**D. Information Regarding Other Engineering Errors and Exit Interview Documents**

In their respective reply briefs, the parties state that they have come to an agreement regarding discovery of these documents. As such, the Court will not address the merits of either issue and deny without prejudice the Plaintiff's Motion to Compel both the Information

---

[2] Plaintiff made an additional request for Defendant to produce interrogatories stating the amount paid in base salary and bonuses for every person on the senior staff between 1990 and 2005 and for: Wally Ivers, Jim Lynch, Robert Anderson, Gene Little, Greg Senko, Matt Card, Dan McCormack, Steve Vecchione, Ramesh Gupta, Jeff Koerner, Mike Fisher, Rohit Pradhan, Lorin Pippin, Bill Soares, Bob Jarvis, and Chris Cignoli. As Defendant did not specifically object to the interrogatories in its reply brief, the Court will assume that the parties have reached an accord and will deem the interrogatories to be answered.

Regarding Other Engineering Errors and the Exit Interview Documents.

### E. Various Financial Documents

Plaintiff requests production of Defendant's 2003 and 2004 consolidated financial statements; the Product Manager Reports for each year from 1990 through 2004; the Project Product Activity Reports for each year from 1990 through 2004; and every Division Financial Performance Report for each billing period between 2002 and 2003.[3] Defendant maintains that it has made a good faith effort to produce these documents for the entire pre-termination period. With regard to the post-termination period, Defendant objects that these documents on the basis that they are not reasonably calculated to lead to the discovery of admissible evidence.

This Court agrees that the post-termination financial documents are not reasonably calculated to lead to the discovery of admissible evidence. Although Plaintiff argues that these documents may show that "the company was actually harmed by Shah's departure" and that "Shah's replacement was far less qualified to run the structural engineering division than Shah," these considerations are wholly irrelevant towards resolving the issue of whether Defendant terminated Shah for discriminatory purposes. So long as the Defendant acted with a legitimate business purpose, it does not matter whether their decision to fire Plaintiff turned out to be a financially beneficial one in retrospect; it is only the motivation behind Defendant's decision to

---

[3] There appears to be some confusion as to the actual names of these specific financial documents. In its reply brief, Defendant states that it "does not maintain any 'Product Manager Reports' . . . [and assumes that] plaintiff means the Division Profitability Reports, . . . does not maintain any 'Project Product Activity Reports' . . . [and assumes that] plaintiff means the Project Manager Analysis, . . . does not maintain any 'Division Financial Performance Reports' . . . [and assumes that] plaintiff means the Division Profitability Reports. As Plaintiff made no objection to the name corrections used by Defendant, the Court will assume that the parties are referring to the same documents.

terminate Plaintiff that is at issue in this case. See Walton v. Bisco Indus., Inc., 119 F.3d 368, 372 (5th Cir. 1997) (maintaining that "we do not view the discrimination laws as vehicles for judicial second-guessing of business decisions."). As these post-termination financial documents contain no information regarding Defendant's alleged discriminatory motive in dismissing Plaintiff, this Court must deny the Plaintiff's Motion to Compel production of any above-mentioned financial documents dated after January 17, 2003, the day of the Plaintiff's termination.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Compel [Doc. No. 38] is **granted in part and denied in part**. Defendants shall comply with this Order by May 5, 2006.

SO ORDERED.

Dated at New Haven, Connecticut, April  12 , 2006.

/s/
Peter C. Dorsey
United States District Judge