UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SUDHIR A. SHAH<br>*Plaintiff-Respondent*,<br><br>v.<br><br>JAMES P. PURCELL ASSOCIATES, INC.<br>d/b/a PURCELL ASSOCIATES, INC.<br>*Defendant-Movant*. | Civil No. 3:05-CV-00306 (PCD) |

**RULING ON DEFENDANT'S MOTION TO COMPEL**

Defendant moves to Compel [Doc. No. 70-1] pursuant to Fed. R. Civ. P. 37. Plaintiff filed a Response opposing the Motion [Doc. No. 71]. For the reasons stated herein, Defendant's Motion to Compel is **granted**.

**I.   BACKGROUND**

Plaintiff was terminated by Defendant in January of 2003 after 36 years of employment due to alleged poor performance. At the time of his termination, Plaintiff was a Vice President and head of the Structural Engineering Division. Plaintiff filed this lawsuit alleging discrimination based on race, age, and national origin.

During the course of discovery, Defendant learned that Plaintiff had been operating a Dunkin' Donuts in New Jersey. Plaintiff began operating his Dunkin' Donuts franchise around 1990, while he was employed with Defendant, and continues to operate it to this day. Defendant filed interrogatory requests seeking additional information about the Dunkin' Donuts franchise.[1]

---

[1] Defendant asked for all documents evidencing tax deductions taken for "Unreimbursed Business Expenses" from 1991-2002. Also, all documents (mileage logs, expense receipts, etc.) that disclose dates and times that Plaintiff spent working on behalf of his Dunkin' Donuts franchise.

Plaintiff objected to the additional discovery as irrelevant.

## II. STANDARD OF REVIEW

When deciding if information is discoverable, the test is not whether that information is admissible under the Federal Rules of Evidence. See generally 8 Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure Civil § 2007 (2d Ed. 2006). Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. Fed. R. Civ. P. 26(b)(1). Discovery may delve into matters that cover not only evidence for use at the trial but also inquire into matters in themselves inadmissible as evidence but which will lead to the discovery of such evidence. 5 F.R.D. 433, 454 (1946). The purpose of discovery is to allow a broad search for facts. Id.

## III. DISCUSSION

Defendant claims that Plaintiff violated his employment agreements by operating a separate business without its approval. In support of this proposition, Defendant points to the Employee Handbook and the Buy-Sell Agreement.[2] Defendant argues that *if* it had known about Plaintiff's operation of a Dunkin' Donuts franchise, it would have fired Plaintiff. This, of course, has no bearing on what Defendant was actually thinking when it fired Plaintiff, but Defendant argues instead that this information can be used to mitigate damages. In support of this theory, Defendant cites McKennon v. Nashville Banner Publ. Co., 513 U.S. 352, 115 S. Ct. 879, 130 L. Ed. 2d 852 (1995). McKennon held that after-acquired evidence could be used to mitigate or eliminate certain types of damages. For example, an employer shouldn't be forced to reinstate an employee only to then turn around and fire that employee on the newly-discovered grounds.

---

[2]Plaintiff objects that the Employee Handbook would not apply to him as a Vice President, but no such objection is made about the Buy-Sell Agreement.

> The object of compensation is to restore the employee to the position he or she would have been in absent the discrimination, but that principle is difficult to apply with precision where there is after-acquired evidence of wrongdoing that would have led to termination on legitimate grounds had the employer known about it. Once an employer learns about employee wrongdoing that would lead to a legitimate discharge, we cannot require the employer to ignore the information, even if it is acquired during the course of discovery in a suit against the employer and even if the information might have gone undiscovered absent the suit. The beginning point in the trial court's formulation of a remedy should be calculation of backpay from the date of the unlawful discharge to the date the new information was discovered. McKennon, 513 U.S. at 362, 115 S. Ct. at 886.

Therefore, information regarding Plaintiff's Dunkin' Donuts franchise is relevant to calculating damages. Plaintiff objects that this information is relevant only to an affirmative defense, and that Defendant should be barred from discovery on this issue because Defendant has plead no such affirmative defense. Such a proposition, however, would unduly limit discovery, as Defendant has explained that it did not even know about the Dunkin' Donuts franchise until it was revealed during discovery. Defendant is still "discovering" whether an affirmative defense is even available, and the Court deems this sufficiently related to the subject of this lawsuit. See 8 Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure Civil § 2008 (2d Ed. 2006) (explaining how discovery can not be used to create new claims but can be used when the claim is relevant to the original one). Furthermore, any prejudice to Plaintiff is minimized by his right to renew this objection at trial.[3]

Defendant also argues that this information should be discoverable for use at trial in support of its claim of lawful termination. Plaintiff objects and claims that Defendant is limited

---

[3] Also, McKennon assumes that the offense in question is truly a "firing offense". See McKennon, 513 U.S. at 362-63, 115 S. Ct. 886-87, ("Where an employer seeks to rely upon after-acquired evidence of wrongdoing, it must first establish that the wrongdoing was of such severity that the employee in fact would have been terminated on those grounds alone if the employer had known of it at the time of the discharge"). Defendant must be prepared to establish this as well.

to the information it used when deciding to fire Plaintiff.  The Court, however, need not decide that issue because, for purposes of this motion, the Court has already concluded that the information at issue is discoverable on the grounds already discussed.  Also, the information could be used as rebuttal evidence.  (i.e., Defendant could show that Plaintiff lied about being sick and unable to work because records show he was working at Dunkin' Donuts that day instead.)

Finally, Plaintiff complains that Defendant's request is overly broad and burdensome.  The Court disagrees.  Plaintiff also argued that the requested documents were irrelevant because, "[t]he amount of business expenses reflected on the plaintiff's tax returns for these businesses is insignificant."  (Pl.'s Resp. to Def.'s Mot. to Compel 2 [Doc. No. 71].)  It should not be overly broad and burdensome to collect receipts for an insignificant amount of money.  Also, the Court understands Defendant's request to be limited to business documents or logs that show where the Plaintiff was and when he was there.  Plaintiff does not have to turn over all of his financial information.

## IV.  CONCLUSION

For the foregoing reasons, the Court concludes that the requested material is discoverable under Rule 26.  Therefore, Defendant's Motion to Compel is **granted** and Plaintiff shall respond.

SO ORDERED.

Dated this June  30 , 2006
New Haven, Connecticut

```
                                    /s/
```
Peter C. Dorsey, U.S. District Judge
U.S. District Court